# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SCHILS AMERICA ACQUISITION
CORP.,

    Plaintiff,

        v.

SCHILS BV, et al.,

    Defendants.

CIVIL ACTION NO. 3:05-CV-0588

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Art Henderlong's Motion and Brief in support of his request for leave to intervene as a party plaintiff (Docs. 18, 19) and Defendants' brief in opposition to Mr. Henderlong's motion (Doc. 34). For the reasons set forth below, Mr. Henderlong's motion will be granted.

## BACKGROUND

This case was originally commenced as an adversary proceeding in the United States Bankruptcy Court for the Middle District of Pennsylvania by Plaintiff Schils America Acquisition Corporation against Schils BV, Schils Overseas BV, Aabel Dairy Products BV, Armand E.M.F. Mennen and Hubert J.M.F. Gillessen. (*Id.* at 2.) This case was brought along with the bankruptcy case filed by Plaintiff on May 25, 2004 under Chapter 11 of the Bankruptcy Code. (Doc.18) On April 27, 2005, the Court granted Plaintiff's Motion for Withdrawal of the Reference (Doc.16) and this case was withdrawn from the Bankruptcy Court. On June 3, 2006, Defendants moved to dismiss the case (Doc.20) and Mr. Henderlong moved to intervene as party plaintiff (Doc.18). The Court denied Defendants'

motion to dismiss on February 3, 2006.  (Doc. 61)

Plaintiff corporation was created by Mr. Henderlong in 2001 to purchase the assets of Schils America, Inc. and Susequehanna Industries, Inc.. (Doc. 34)  Mr. Henderlong was the majority shareholder of the Plaintiff corporation at all times.  (Doc. 18)  He has filed this motion to intervene as party plaintiff in this case pursuant to 11 U.S.C. § 1109(b) and Fed. R. Civ. P. 24.  (Doc. 19)  This matter is now ripe for disposition.

## DISCUSSION

Section 1109(b) of the Bankruptcy Code states in pertinent part:

> § 1109.  Right to be heard
>
> (b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b) (West 2004).  As majority shareholder of the Plaintiff corporation, Mr. Henderlong qualifies as an equity security holder in interest.  He seeks to intervene under Federal Rule of Civil Procedure 24.  "Bankruptcy Rule 724 makes Fed. R. Civ. P. 24 applicable to adversary proceedings in bankruptcy cases. . . ."  *Marin Motor Oil, Inc. v. Michaels,* 689 F.2d 445, 454 (3d Cir. 1982).   In his brief, Mr. Henderlong argues that "he may intervene in this proceeding as a matter of right under F. R. Civ. P. 24(b)(1) as 11 U.S.C. § 1109(b) confers upon him a statutory right to be heard on any issue in a case arising under Chapter 11 of the Bankruptcy Code"  (Doc. 19 at 5.) but concludes by arguing that his "Motion for leave to Intervene be granted pursuant to F.R.Civ.P. 24(a)".  (*Id* at 7.) While the Court is uncertain whether Mr. Henderlong is asking for intervention as of right under Fed. R. Civ. P. 24(a) or permissive intervention under Fed. R. Civ. P. 24(b), it is not

a crucial difference in the instant case.

Fed. R. Civ. P. 24(a) states that "[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene." *In re Sapolin Paints, Inc.,* 6 Bankr. 582, 584 (Bankr. E.D.N.Y. 1980), which was ultimately decided under Fed. R. Civ. P. 24(a)(1), provided that 11 U.S.C. § 1109(b) was the statute that conferred on the creditor, an unconditional right to intervene. In the same case, the court further stated that it was "unnecssary, for the purposes of the present proceeding, to determine whether [the creditor] is entitled to intervene as of right, or only as of grace, because even if the Court were not satisfied that § 1109(b) confers an unconditional right to intervene, it would permit such intervention as a matter of discretion under *FRCP 24(b).*" *Marin Motor Oils*, 689 F.2d at 454. (quoting *In re Sapolin Paints, Inc.,* 6 Bankr. 582, 584 (Bankr. E.D.N.Y. 1980)).

In the present case, Defendants oppose Mr. Henderlong's intervention on the basis that his Intervenor Complaint lacks merit as to his Twenty-First, Twenty-Second and Twenty-Third Count. (Doc.34)  These Counts are analogous to Sixth, Eight and Ninth Counts, respectively, in the Amended Complaint.  (*Id.*)  The Court has already addressed Defendants' Motion to Dismiss (Doc. 61) as to these issues and in any case, a party in interest may raise any issue arising in or related to the bankruptcy case. *Marin Motor Oils*, 689 F.2d at 454 (stating that Section 1109(b) "requires that more than mere participation as an *amicus be allowed. . .* [as] an *amicus's* participation is limited to the submission of briefs on issues already raised and considered.").  The Third Circuit Court of Appeals, while noting some disagreement with *Marin Motor Oils*, opined that it remains binding precedent in this

circuit. *Phar-Mor, Inc. v. Coopers & Lybrand,* 22 F.3d 1228, 1233 (3d Cir. 1994). In so doing, the Third Circuit Court of Appeals held that a case in § 1109(b), as interpreted by *Marin Motor Oils*, gives a creditors' committee an unconditional right to intervene in a non-core, 'related to' proceeding pending before the federal district court. *Id.* at 1241. Mr. Henderlong, as equity security shareholder, also holds that right.

Finally, the Court finds that Mr. Henderlong has met his minimal burden of showing that an existing party's representation of his interests may be inadequate. Representation will be considered inadequate where, "although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests." *Brody v. Spang,* 957 F.2d 1108, 1123 (3d Cir. 1992). Mr. Henderlong invested his own funds and participated in the transaction at issue in this case. (Doc. 19 at 5) The Court takes note that "[w]hile it may be said that the interests of Mr. Henderlong and those of the Debtor are similar, they are not identical and he has been advised by Debtor's counsel that he should seek independent representation to protect his interests." (*Id.*)

## CONCLUSION

In light of the foregoing, the Court finds that Mr. Henderlong has an right to intervene under 11 U.S.C. §1109(b) and Fed. R. Civ. P 24. Accordingly, Mr. Henderlong's motion will be granted and Defendants' motion will be denied.

An appropriate Order follows.

| February 14, 2006 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCHILS AMERICA ACQUISITION CORP., | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-588 |
| v. | (JUDGE CAPUTO) |
| SCHILS BV, et al., | |
| Defendants. | |

## **ORDER**

**NOW**, this __14th__ day of February 2006, **IT IS HEREBY ORDERED** that Mr. Art Henderlong's Motion For Leave To Intervene As A Party Plaintiff (Doc. 18) is **GRANTED.**

       /s/ A. Richard Caputo
       A. Richard Caputo
       United States District Judge