**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCHILS AMERICA ACQUISITION CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-00588 |
| v. | (JUDGE CAPUTO) |
| SCHILS BV; SCHILS OVERSEAS BV; AABEL DAIRY PRODUCTS BD; USA LIVESTOCK ENTERPRISES, INC.; ARMAND MENNEN; AND HUBERT J.M.F. GILLESSEN; YOUNG and PANICCIA; ALFRED PANICCIA, JR.; JOHN W. YOUNG; STEPHANIE P. BECK; MARK H. YOUNG; PANICCIA & BECK, LLP; AND PIAKER & LYONS, P.C. | |
| Defendants. | |

## <u>MEMORANDUM</u>

Presently before the Court are Young and Paniccia, Alfred Paniccia, Jr., John W. Young, Stephanie P. Beck, Mark H. Young, and Paniccia & Beck, LLP's ("Attorney Defendants") Motion to Dismiss (Doc.  92), as well as Piaker & Lyons, P.C.'s ("Accounting Defendant") Motion to Dismiss the Complaint filed in intervention by Arthur Henderlong ("Intervening Plaintiff").  (Doc.  98)  For the reasons set forth below, both Motions to Dismiss will be denied.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

**BACKGROUND**

On May 25, 2004, Schils America Acquisition Corporation ("Plaintiff") filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* That matter was filed in the United States Bankruptcy Court for the Middle District of Pennsylvania. On August 19, 2004, Plaintiff filed an adversary action in the U.S. Bankruptcy Court against Defendants Schils BV, Schils Overseas BV, USA Livestock Enterprises, Inc., Armand Mennen, and Hubert J.M.F. Gillessen. That adversary action was filed as a result of a land transaction and the financial and contractual disputes surrounding it. On February 10, 2005, that cause of action was amended to include Attorney Defendants and Accounting Defendant, both of which were, according to Plaintiff, guilty of professional misconduct and negligence. (Doc. 1-37.)

On June 3, 2005, Intervening Plaintiff filed a Motion to Intervene. (Doc. 18.) On February 14, 2006, this Court granted Intervening Plaintiff's motion. (Doc. 62.) On March 8, 2006, Intervening Plaintiff filed his Complaint (Doc. 65) against the same Defendants and with the same underlying facts as Plaintiff.

On May 11, 2005, Plaintiff filed Certificates of Merit with respect to Attorney Defendants and Accounting Defendant. (Docs. 6-12.) To date, Intervening Plaintiff has not personally filed a Certificate of Merit.

Attorney Defendants filed a Motion to Dismiss (Doc. 92) on June 6, 2006. Accounting Defendant filed a Motion to Dismiss (Doc. 98) on June 26, 2006. Both sets of Defendants moved for dismissal based on PA. R. CIV. P. 1042.3, which requires filing of a Certificate of Merit in a professional malpractice case. Both sets of Defendants submitted briefs in support of their motions. (Docs. 93, 99, and 102.) On June 26, 2006, Intervening Plaintiff

2

filed a brief in opposition to the motion to dismiss.  (Doc.  97.)

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

In deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), all factual allegations and all reasonable inferences therefrom must be accepted as true and viewed in a light most favorable to the plaintiff.  *Colburn v. Upper Darby Twp*., 838 F.2d 663, 665-666 (3d Cir.1988).  In ruling on a motion to dismiss, the court must decide whether there are sufficient facts pled to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer. *Id*. at 666. A motion to dismiss will be granted only if it appears that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

Additionally, FED. R. CIV. P. 41(b) provides that a defendant may move for dismissal of an action or claim for failure of the plaintiff to prosecute, or comply with the procedural rules or any Order.

## DISCUSSION

Attorney Defendants and Accounting Defendant have each filed Motions to Dismiss based on Intervening Plaintiff's failure to file Certificates of Merit.  Both these motions put forth the exact same argument and rely on the same cases.  Therefore, the Court will consider them concurrently.

Both sets of Defendants cite PA. R. CIV. P. 1042.3 (2006), which requires that a Certificate of Merit be filed in any action wherein the Plaintiff alleges a licensed professional deviated from the professional standard of care.  In support of their motions to dismiss,

3

Defendants cite four separate cases decided by the United States Court of Appeals for the Third Circuit, the United States District Court for the Eastern District of Pennsylvania, and the United States District Court for the Western District of Pennsylvania. Each held that the Certificate of Merit rules are substantive and not procedural, and are therefore applicable in federal court actions under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). *See Abdulhay v. Bethlehem Med. Arts,* 2005 U.S. Dist. LEXIS 21785 (E.D. Pa. September 27, 2005); *Key Bank NA v. Reidbord*, 2005 U.S. Dist. LEXIS 29936 (W.D. Pa. November 28, 2005); *Rodriguez v. Smith*, 2005 Dist. LEXIS 12237 (E.D. Pa. June 21, 2005), and *Chamberlain v. Giampapa*, 210 F.3d. 154 (3d Cir. 2000).

In *Rodriguez* and *Chamberlain*, the courts each held that a motion to dismiss was properly granted as to the professional negligence claims because the Plaintiff did not timely file a Certificate of Merit. *Rodriguez*, 2005 Dist. LEXIS 12237; *Chamberlain*, 210 F.3d. 154. Furthermore, as noted in *Abdulhay*, the certificate of merit rules provide "the substantive obligation for plaintiffs to file a certificate of merit as a condition of continuing a professional negligence suit, and the substantive right of the defendant not to have to defend a meritless suit." *Abdulhay,* 2005 U.S. Dist LEXIS 21785, at *23-*24.

Intervening Plaintiff has not filed the required Certificate of Merit to date. The sixty (60) day time constraint has already passed, as has the date to file for an extension. Defendants therefore move the Court to dismiss the claims against them.

Intervening Plaintiff concedes that the requirements of PA. R. CIV. P. 1042.3 are substantive and not procedural and therefore are applicable to this case. Intervening Plaintiff also concedes that he has not personally filed a Certificate of Merit as to any of the

4

Defendants.  Intervening Plaintiff's argument against dismissal is based on the fact that certificates have been filed against these defendants by the Plaintiff.  Because the underlying facts are identical in both Intervening Plaintiff's claim and Plaintiff's claim, Intervening Plaintiff argues that the purpose of PA. R. CIV. P. 1042.3, to prevent the filing of baseless professional liability claims, has been fulfilled.

The Pennsylvania Superior Court in *Harris v.  Neuburger, M.D.*, 877 A.2d 1275 (Pa. Super. 2005), interpreted the meaning of PA. R. CIV. P. 1042.3.  The court stated that "the underlying purpose of [PA. R. CIV. P. 1042.3] is to prevent the filing of baseless medical professional liability claims."  *Id.*  at 1278.  The court also cited PA. R. CIV. P. 126, which provides:

> [the rules of civil procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. . . the court at every stage of any such proceeding may disregard any error or defect or procedure which does not affect the substantial rights of the parties.

*Id.* Based on PA. R.  CIV.  P. 126, the court concluded that if a plaintiff satisfied the purpose of PA.  R.  CIV.  P. 1042.3, "he should not be barred his day in court because he mistakenly, but reasonably, believed he had met his obligation."  *Id.*

Applying the teaching of *Harris* to the facts before the Court, it appears that the purpose of PA.  R.  CIV.  P. 1042.3 has been fulfilled.  The substantial rights of Defendants have not been harmed in this case.  A Certificate of Merit was filed against each party by the Plaintiff and the underlying facts are the same.  Additionally, the state's interest in having Rule 1042.3, i.e. to prevent baseless claims, has been fulfilled.  Therefore, Defendants' Motion to Dismiss shall be denied and Intervening Plaintiff's case shall be allowed to

proceed.

## CONCLUSION

For the reasons set forth above, the Court shall deny Defendants' motions to dismiss, and Intervening Plaintiff's case shall be allowed to proceed.

An appropriate Order will follow.


 October 3, 2006                               /s/ A. Richard Caputo
Date                                          A. Richard Caputo
                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SCHILS AMERICA ACQUISITION
CORPORATION,

     Plaintiff,

         v.

SCHILS BV; SCHILS OVERSEAS BV;
AABEL DAIRY PRODUCTS BD; USA
LIVESTOCK ENTERPRISES, INC.;
ARMAND MENNEN; AND HUBERT
J.M.F. GILLESSEN; YOUNG and
PANICCIA; ALFRED PANICCIA, JR.;
JOHN W. YOUNG; STEPHANIE P.
BECK; MARK H. YOUNG; PANICCIA &
BECK, LLP; AND PIAKER & LYONS, P.C.

     Defendants.

CIVIL ACTION NO. 3:05-CV-00588

(JUDGE CAPUTO)

## ORDER

    **NOW**, this __3rd___ day of October, 2006, **IT IS HEREBY ORDERED** that:

(1)    Defendants' Motion to Dismiss Complaint of Intervener, Arthur Henderlong
(Doc. 92) is **DENIED**.

(2)    Defendant's Motion to Dismiss Complaint of Intervener, Arthur Henderlong
(Doc. 98) is **DENIED**.

                                   /s/ A. Richard Caputo
                                   A. Richard Caputo
                                   United States District Judge